IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY BARTONE, | ) | |
|     Plaintiff | ) | C.A. No. 15-52 Erie |
| | ) | |
| v | ) | **District Judge Rothstein** |
| | ) | **Magistrate Judge Baxter** |
| MICHAEL TOOLE, et al., | ) | |
|     Defendants | ) | |

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I.  RECOMMENDATION

It is respectfully recommended that:

1. The motion to dismiss Plaintiff's amended complaint filed by Defendants Gartley and Toole [ECF No. 23] be granted;

2. The motion to dismiss for failure to state a claim filed by Defendants Cappellini, Galante, Lupas, Roberts, Steward, Yeager, and Yelen [ECF No. 28] be granted; and

3. The motion to dismiss for failure to state a claim filed by Defendants King, Overmyer, and Wetzel [ECF No. 33] be granted.

It is further recommended that the motion to change venue filed by Defendants Capppellini, Galante, Lupas, Roberts, Steward, Yeager, and Yelen [ECF No. 30] be dismissed as moot.

## II.  REPORT

### A.  Relevant Procedural History

On February 9, 2015, Plaintiff Gary Bartone, an inmate incarcerated at the State

1

Correctional Institution at Forest in Marienville, Pennsylvania ("SCI-Forest"), initiated this civil rights action by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983. Plaintiff subsequently filed an amended complaint [ECF No. 20] on May 26, 2015, which superseded the original complaint and is the operative pleading in this case. Named as Defendants are: Judges Michael Toole ("Toole") and Tina Polachek Gartley ("Gartley") of the Court of Common Pleas of Luzerne County, Pennsylvania; Trooper Christopher King ("King") of the Pennsylvania State Police; Jenny Roberts ("Roberts") and David Lupas ("Lupas") of the Luzerne County District Attorney's Office; Jamie Steward (incorrectly identified as "Stuart") ("Steward") of the Luzerne County Office of Children and Youth; Vincent Cappellini, Esquire ("Cappellini"); Jeffrey Yellen, Esquire ("Yellen"); Joseph Yeager, Esquire ("Yeager"); John Wetzel, Secretary of the Pennsylvania Department of Corrections ("Wetzel"); and Michael Overmyer, Superintendent at SCI-Forest ("Overmyer"). (For ease of reference, Defendants Roberts, Lupas, Steward, Cappellini, Yelen, Galante, and Yeager will be collectively referred to as "Luzerne County Defendants")

    Plaintiff claims that Defendants violated his rights under the fourth, sixth, eighth and fourteenth amendments to the United States Constitution. In particular, Plaintiff challenges his incarceration and underlying criminal conviction, alleging that all Defendants permitted false and perjured testimony, and refused to allow his DNA and forensic expert's testimony. In addition, it appears Plaintiff is claiming that Defendants Cappellini, Yelen, Galante, and Yeager provided him with ineffective assistance of counsel. As relief for his claims, Plaintiff seeks injunctive relief ordering Defendants "to cease their individual careers and professions until a proper

2

remedy and resolve is recommended and ordered," as well as monetary damages.

On June 9, 2015, Defendants Toole and Gartley filed a motion to dismiss Plaintiff's amended complaint [ECF No. 23] arguing, *inter alia*, that Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994), Eleventh Amendment immunity, and absolute judicial immunity. On June 11, 2015, the Luzerne County Defendants filed a motion to dismiss for failure to state a claim [ECF No. 28], arguing, *inter alia*, that Plaintiff's claims are barred by Heck; Defendants Cappellini, Yelen, Galante, and Yeager are not state actors subject to suit under 42 U.S.C. § 1983; and Defendants Roberts and Lupas are entitled to absolute prosecutorial immunity. On June 16, 2015, Defendants King, Wetzel, and Overmyer filed their own motion to dismiss for failure to state a claim [ECF No. 33], also arguing, *inter alia*, that Plaintiff's claims are barred by Heck; and Plaintiff has failed to plead the personal involvement of Defendants Wetzel and Overmyer in the complained-of misconduct. In response to all motions, Plaintiff has filed a "memorandum of law in support of preliminary injunction" [ECF No. 42]. This matter is now ripe for consideration.

### B.     Relevant Factual History – State Court Proceedings[1]

On April 23, 2006, Plaintiff was arrested on multiple criminal counts, including rape, forcible compulsion, aggravated assault, incest, endangering the welfare of children, corruption

---

[1] The within summary of Plaintiff's state court proceedings is obtained from Plaintiff's criminal docket sheet in the Court of Common Pleas of Luzerne County, Case No. CP-40-CR-0001521-2007, which has been submitted by the Luzerne County Defendants. [ECF No. 29-1]. It is well-settled in this Circuit that matters of public record, including official court dockets and court files, may be considered by the Court without converting a motion to dismiss into a motion for summary judgment. Schmidt v. Skolas, 770 F.3d 241 (3d Cir. 2014); City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998).

of minors, indecent assault, sexual assault, and furnishing minors with liquor. After a criminal trial was held on November 17, 2008, before Defendant Toole, Plaintiff was found guilty of committing ten felony offenses and twelve misdemeanors. On March 30, 2009, Plaintiff was sentenced. On April 9, 2009, Plaintiff filed a motion to modify sentence, which was denied on May 4, 2009. On April 29, 2009, Plaintiff filed a Notice of Appeal to the Pennsylvania Superior Court. On April 2, 2012, the Superior Court affirmed the lower court's judgment of sentence and dismissed Plaintiff's ineffective assistance of counsel claims. On April 3, 2012, the Pennsylvania Supreme Court denied Plaintiff's motion for allowance of appeal.

Plaintiff subsequently filed a PCRA petition on July 12, 2012, which was denied by Defendant Gartley on June 3, 2013. Plaintiff filed a Notice of Appeal to the Superior Court on June 28, 2013, which was ultimately denied on February 17, 2015.

### C. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the

facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). A Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C.Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit subsequently expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to

> state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### **2.** *Pro Se* **Pleadings**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (Apetition prepared by a prisoner... may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997) (overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

6

**D.     Discussion**

All Defendants have asserted, *inter alia*, that Plaintiff's claims must be dismissed because they are barred by the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477 (1994). The Court agrees. In Heck, the Supreme Court held that, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." 512 U.S. at 487 (emphasis in the original).

Here, Plaintiff is claiming that all Defendants are "guilty of presenting perjured testimony that warrants Plaintiff's false conviction/ unjust conviction/ illegal sentence/ etc.; illegal confinement etc…." (ECF No. 32, Amended Complaint, at ¶ 8). Thus, Plaintiff is clearly seeking to recover monetary damages for what he believes to have been an unconstitutional conviction and imprisonment; however, Plaintiff is unable to show that the conviction has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a writ of habeas corpus. To the contrary, the record shows that Plaintiff has exhausted all means of challenging his conviction and imprisonment through the state court appeal process, without success. As a result, Plaintiff is barred from attacking the validity of his conviction here as a means of recovering damages under 42 U.S.C. § 1983, and his claims should be dismissed

accordingly.[2]

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that:

1. The motion to dismiss Plaintiff's amended complaint filed by Defendants Gartley and Toole [ECF No. 23] be granted;

2. The motion to dismiss for failure to state a claim filed by Defendants Cappellini, Galante, Lupas, Roberts, Steward, Yeager, and Yelen [ECF No. 28] be granted; and

3. The motion to dismiss for failure to state a claim filed by Defendants King, Overmyer, and Wetzel [ECF No. 33] be granted.

It is further recommended that the motion to change venue filed by Defendants Cappellini, Galante, Lupas, Roberts, Steward, Yeager, and Yelen [ECF No. 30] be dismissed as moot.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir.

---

[2] Because the Court has determined that Plaintiff's claims against all Defendants are barred by Heck, there is no need to address the other bases for dismissal raised by Defendants in their various motions to dismiss.

2011).

                                                /s/ Susan Paradise Baxter
                                                SUSAN PARADISE BAXTER
                                                United States Magistrate Judge

Dated: February 11, 2016

cc:      The Honorable Barbara Rothstein
          United States District Judge